(No. 48182.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. SPENCER PARKS, Appellee.

*Opinion filed November 15, 1976.*

SCHAEFER, J., dissenting.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, and Laurence J. Bolon and Eugene J. Rudnik, Jr., Assistant State's Attorneys, of counsel), for the People.

Paul Bradley and James Geis, Deputy Defenders, and Martin Carlson, Assistant Defender, Office of State Appellate Defender, of Chicago, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Defendant, Spencer Parks, was tried before a jury in the circuit court of Cook County for the offenses of armed robbery and murder. He was found guilty of armed robbery and sentenced to a term of 7 to 21 years. The jury was unable to reach a verdict on the murder charge. The appellate court reversed defendant's conviction and remanded because the trial court did not, *sua sponte,* instruct the jury as to accomplice testimony. (34 Ill. App. 3d 180.) The sole question before this court is whether the court erred in failing to give such an instruction when a proper instruction on that subject had not been tendered by the defendant. We find that the court did not commit reversible error.

Defendant and a co-indictee, Virgil Hooper, were charged with the armed robbery and murder of Willie Lee Parham. Defendant was granted a severance and Hooper was brought to trial first. The jury was unable to reach a

verdict, and the charges against Hooper were still pending at the time of defendant's trial. Following his trial, Hooper was persuaded to become a witness against defendant and to plead guilty to armed robbery. In exchange, the State agreed to recommend a sentence of 5 years on the armed robbery charge.

At defendant's trial Hooper admitted taking part in the robbery of a man named Parham, but he testified that it was defendant who drew a pistol during the robbery and who shot Parham when the latter attempted to flee. Hooper also testified that he had lied at his own trial when he disavowed any knowledge of the robbery. Defendant testified in his own behalf and denied participation in the robbery and denied shooting Parham. Hooper's testimony was the only evidence linking defendant to the incident. When the case was submitted to the jury no instruction concerning the testimony of an accomplice was given.

It appears that the conference on instructions had been held out of the presence of the court reporter. After the instructions had been discussed and settled, the court reporter was called in and the court again went over the instructions with the attorneys. The court first considered the People's instructions stating for the record the ones to which the defendant had not made objections. When People's Instruction No. 9 was discussed the following occurred:

> "THE COURT: People's No. 9 was withdrawn, the accomplice.
>
> MR. GIERACH [prosecutor]: Judge, I.P.I. 3.17.
>
> THE COURT: Yes.
>
> MR. GIERACH: Judge, I would note that the defense counsel tendered to the Court also an instruction concerning the testimony of an accomplice and His Honor—
>
> MR. COOPER [defense counsel]: We did not. We did not.
>
> MR. GIERACH: Judge, I believe there was an instruction tendered by the defense counsel concerning the testimony of an accomplice.

MR. COOPER: We did not.

THE COURT: Well, I will let counsel make his statement.

MR. GIERACH: He indicated, Judge, inasmuch as that was in variation with the Illinois I.P.I. and the Criminal Code, that that would probably not be given.

I would note at this time that the People would not object to the Illinois I.P.I. 3.17 being given, if there is a request. I did not.

MR. COOPER: We did not submit any accomplice instruction. And we object to that."

Following the People's instructions the court considered those that had been tendered by the defense. Defendant's Instruction No. 1 stated:

"Where a witness says he was involved in the commission of a crime with the Defendant, that testimony of that witness is subject to suspicion, and should be considered by you with caution. It should be carefully examined in light of other evidence in the case. It should also be carefully examined in light of lack of other evidence in the case."

This is substantially the same as IPI Criminal No. 3.17 (Illinois Pattern Jury Instructions, Criminal (1968)), except that in this instruction the witness is not referred to as "an accomplice" and the last sentence was added. IPI Criminal No. 3.17 is as follows:

"An accomplice witness is one who testifies that he was involved in the commission of a crime with the defendant. The testimony of an accomplice witness is subject to suspicion, and should be considered by you with caution. It should be carefully examined in light of the other evidence in the case."

The prosecutor in voicing his objection to defendant's Instruction No. 1 stated:

"MR. GIERACH [prosecutor]: Judge, No. 1, Defendant's No. 1 I would note is the one which refers to the testimony of a witness subject to suspicion, where a witness is involved in the commission of the crime with the defendant. I would note, Judge, that is the substance of the accomplice instruction, the I.P.I. instruction, which the defense does not want. We would object to the

modified different version to it in Defendant's No. 1, and
would have no objection to the accomplice of I.P.I."
Defense counsel did not reply to this statement.

It is apparent from this recorded colloquy between
court and counsel that the defense counsel did not want
the jury instructed that Hooper was an "accomplice." As
we will note later, the defense counsel had apparently
objected to People's Instruction No. 9 (accomplice instruc-
tion) during the off-the-record discussion of the instruc-
tions. Also, he had carefully tailored his own Instruction
No. 1 after the IPI accomplice instruction substituting,
however, other language where the word "accomplice" was
used in that instruction. Further, as appears above, when
the prosecutor and the court referred to the defendant's
instructions as an accomplice instruction defense counsel
objected and insisted that he had not tendered an
accomplice instruction even though his Instruction No. 1
contained the substance of IPI Criminal No. 3.17.

It is also apparent from the above-quoted colloquy
that the defendant had voiced an objection to the giving of
IPI Criminal No. 3.17 concerning the testimony of an
accomplice. The People withdrew its Instruction No. 9.
However, it cannot be determined from the record if it was
withdrawn because the defendant was tendering an instruc-
tion covering the same subject or because the defendant
had objected to giving it. In any event, during the
on-record discussion of defendant's Instruction No. 1 the
prosecutor made it quite clear that the defendant had
previously objected to the giving of the IPI instruction.
Defense counsel's failure to object or reply to the
prosecutor's statement that defendant's Instruction No. 1
"is the substance of the accomplice instruction, the IPI
instruction, *which the defense does not want*" (emphasis
added) carries the clear implication that a previous
objection had been made to the IPI accomplice instruc-
tion.

It is further noted that in the discussions quoted

above the prosecutor had twice stated that he would have no objection to the giving of the IPI accomplice instruction if the defendant wanted to tender it. Defense counsel, however, did not reply to the invitation. He also did not tender the instruction.

Generally, a party who desires a specific instruction must offer it and request the court to give it and the trial court has no obligation to instruct on its own motion. (*People v. Nuccio* (1973), 54 Ill. 2d 39; *People v. Springs* (1972), 51 Ill. 2d 418.) In criminal cases, however, this rule is modified in certain situations by the requirements of a fair trial. It has been held that a court bears the burden of seeing that the jury is instructed on the elements of the crime charged, on the presumption of innocence and on the question of burden of proof. *People v. French* (1972), 5 Ill. App. 3d 908; *People v. Kuykendall* (1970), 120 Ill. App. 2d 225; *People v. Davis* (1966), 74 Ill. App. 2d 450; Note, *Criminal Juries and Defenses, Instruction of Jurors,* 7 Loy. U. Chi. L.J. 1036, 1042, 1046 (1976).

Although the instruction in question does not fall within the area of required instructions discussed in these cases, the defendant, relying on our decision in *People v. Joyner* (1972), 50 Ill. 2d 302, insists that it was error for the court not to *sua sponte* instruct the jury concerning the testimony of an accomplice. In *Joyner* the defendants were prosecuted for murder. They tendered an instruction on voluntary manslaughter which was properly refused because it did not conform with the appropriate IPI instruction. No voluntary manslaughter instruction was given. We found that the case was a close one factually and believed that the evidence could have supported a verdict of manslaughter. We remanded the cause for a new trial on the basis of the court's failure to give the jury a manslaughter instruction. The failure of the judge to so instruct deprived the jury of the option of finding the defendant guilty of a lesser included offense for which there was evidentiary support. Nothing that was contained

in the instructions given could have restored this important alternative to the jury.

In the case at bar, however, viewing the defendant's trial as a whole, it is clear that the jury was not deprived, by the failure to give the accomplice instruction, of essential guidance in its evaluation of the evidence. During the course of his testimony, Hooper admitted prior inconsistent statements under oath. He was sharply cross-examined both on this point and on the possibility of bias as a result of the charges still pending against him and his plea bargain with the State. Although the jury was not instructed specifically that the credibility of an accomplice was subject to suspicion, it was instructed on its duty to judge the credibility of witnesses generally and on the proper consideration of prior inconsistent statements of a witness. Although these general instructions were not as absolute an admonition as the more particularized accomplice instruction would have been, nonetheless, they provided the jury with sufficient direction. See *United States v. Johnson* (7th Cir. 1968), 398 F.2d 29; Annot., *Necessity of, and Prejudicial Effect of Omitting, Cautionary Instructions to Jury as to Accomplice's Testimony Against Defendant in Federal Criminal Trial*, 17 A.L.R. Fed. 249, 315 (1973).

We conclude that under the facts of this case it was not error for the trial court to fail to *sua sponte* instruct the jury concerning the testimony of an accomplice. This conclusion is strengthened by the apparent objection by the defendant to the giving of IPI Criminal No. 3.17 and the failure of the defendant to tender a proper accomplice instruction or IPI Criminal No. 3.17 after defense counsel and the court had been informed by the prosecutor on two different occasions during the course of a conference on instructions that the People would not object to the giving of this instruction.

The judgment of the appellate court is reversed and the cause is remanded to the Appellate Court for the First

District for the consideration of other issues which the defendant's brief states were raised in the appellate court and were not there considered due to its decision to reverse because of the inadequacy of the instructions.

*Reversed and remanded.*

MR. JUSTICE SCHAEFER, dissenting:

Our Rule 451 states that whenever an IPI instruction is applicable in a criminal case and the trial court decides that the jury should be instructed on that subject, "the IPI-Criminal instruction shall be used, unless the court determines that it does not accurately state the law."

I think that IPI Criminal No. 3.17 does not accurately state the law. But even if it does accurately state the law in a technical sense, it is quite unfair as a statement to a lay jury. It uses the term "accomplice witness" and by doing so it tends to tell the jurors that the defendant participated in the crime, if it does not actually tell them that he did so. "Accomplice" is a word that is familiar to laymen. The primary meaning given in Webster's Third New International Dictionary (1961) is:

> "Accomplice—one associated with another in wrong-doing: one that participates with another in a crime either as principal or accessory."

The American College Dictionary, Random House (1952), defines it this way:

> "Accomplice—an associate in a crime; partner in wrongdoing."

Webster's Dictionary of Synonyms (1951) says this:

> "Accomplice—confederate; accessory; conspirator."

Any instruction that describes a witness as an "accomplice witness" is inherently prejudicial, it seems to me. The instruction tendered by the attorney for the defendant did not use the word "accomplice," and this is what he meant when he protested twice that he had *not* tendered an "accomplice" instruction. The instruction that he did tender accurately stated the law in that respect without

using the word "accomplice," and in my opinion it should have been given as tendered, or as corrected by striking the last sentence.

Under the opinion of the court, a defendant who does not want the judge to suggest to the jury that he was a participant in the crime is required to forgo any instruction on the subject. I think this is wrong. The error was not cured by instructing the jury as to "its duty to judge the credibility of witnesses generally." Such an instruction only compounds the difficulty, for it suggests that the testimony of the "accomplice" is to be treated like that of any other witness. See *People v. O'Connell* (1960), 20 Ill. 2d 442.