THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARRYL BROOKS, Defendant-Appellant.

First District (3rd Division)   No. 1—87—1318

Opinion filed June 28, 1989.

Randolph N. Stone, Public Defender, of Chicago (Paul D. Bellendir and Karen E. Tietz, Assistant Public Defenders, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Jane E. Loeb, and William Marback, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CERDA delivered the opinion of the court:

The defendant, Darryl Brooks, was convicted after a jury trial for armed robbery and armed violence. The trial court vacated the armed robbery conviction and sentenced the defendant to an extended-term sentence of 50 years' imprisonment. The defendant now appeals his conviction, contending that the trial court improperly refused his challenge for cause during *voir dire* and erred in failing to give two jury instructions.

On the evening of August 10, 1983, Maurice Harris was sitting in his automobile outside the Andrews Temple of God in Christ Church in Harvey, Illinois, waiting to pick up his son from choir rehearsal. The defendant entered the vehicle through the front passenger door and placed a gun in Harris' ribs. After taking Harris' money, the defendant ordered Harris out of the car and drove away. On August 12, Officers Joseph and Watson of the Harvey police department observed the stolen vehicle and attempted to pull the car over after which a chase ensued. Shortly thereafter, the defendant was apprehended by an Officer Wells. Maurice Harris later identified the defendant as his assailant in a lineup.

Defendant first argues on appeal that his right to a fair and impartial jury was violated when the trial court denied his motion to excuse venireperson Marsha Bryant. During *voir dire*, after defense counsel accepted venireperson Marsha Bryant, the State sought further questioning regarding her opinion of police officers since her ex-husband was a police officer. New information was disclosed revealing a possible bias in favor of police officers when the following exchange occurred:

"THE COURT: Can you say to Mr. Laws and to Mr. Boyd

and, particularly, the defendant Mr. Brooks, and to Ms. Cox and Mr. Cozzi on behalf of the people that you can give a fair and impartial trial?

VENIREPERSON BRYANT: I can.

* * *

THE COURT: All right. I'll tender now to the defense Marsha Bryant.

MR. LAWS: Thank you, your Honor. Judge, the defense finds the entire acceptable and will tender them to the State.

MR. COZZI: Thank you. Your Honor, if it please the court, Judge, I would ask that Ms. Bryant be inquired of that because of her association and experiences with her husband—her ex-husband, excuse me, would she find an officer any more or less credible because of those experiences and associations.

THE COURT: Ms. Bryant, generally, the question is asked when policemen are going to testify in a proceeding as to whether or not a person would believe a man solely because he is a policeman as opposed to the testimony of a civilian. Would they give the testimony of a policeman more credit or more weight or, however you want to phrase it, solely because the man is a policeman. Do you understand that question?

VENIREPERSON BRYANT: Well I would say—I would judge my ex-husband being an honest person would give an honest answer as far, you know, being trial or something like that.

THE COURT: Yeah. I would hope all people would tell the truth. But the thrust of the question is whether you would believe the policeman and give his credit more weight or more credibility than the testimony of a citizen like yourself solely because he is a police official.

VENIREPERSON BRYANT: I think so.

THE COURT: You think a policeman would be more apt to tell the truth than a citizen?

VENIREPERSON BRYANT: That's really hard to say. I cannot really answer that. I really don't know.

MR. COZZI: Your Honor, if I may. My question was that—my question was because of her personal experiences with her husband being he was an officer would she give every other officer more or less credit based on those experiences. Probably my question was aimed at less credit, being that she is the worse, being separated.

THE COURT: Did you hear Mr. Cozzi's question?

VENIREPERSON BRYANT: Yes, but it is hard to answer.

THE COURT: Can you answer the form?

VENIREPERSON BRYANT: No I can't.

THE COURT: It is a complicated question?

VENIREPERSON BRYANT: Yes, it is.

MR. COZZI: We'll accept the panel at this time, Judge.

THE COURT: Very good. Thank you. Will you rise now and be sworn to be served as jurors."

After the panel including Bryant had been sworn in, defense counsel requested a side bar and moved to have venireperson Bryant excused for cause. Defendant's motion was denied. The State contends that the defendant waived his right to challenge because the motion was made after Bryant was sworn. The State further contends that even if the defendant has not waived his right, the trial court properly exercised its discretion in denying the motion.

A failure to exercise a peremptory challenge or a challenge for cause during *voir dire* will waive any objection to that juror. (*People v. Davenport* (1985), 133 Ill. App. 3d 553, 559, 479 N.E.2d 15.) It is also well established that once a juror has been accepted and sworn, neither party has the right to challenge. (*People v. Scheidt* (1983), 113 Ill. App. 3d 632, 636-37, 447 N.E.2d 536; *People v. Gamboa* (1975), 30 Ill. App. 3d 242, 252, 332 N.E.2d 543.) As soon as the State accepted venireperson Bryant, the defendant could have challenged Bryant either peremptorily or for cause. The defendant stated in his brief and in oral argument that he could not have peremptorily challenged Bryant as he had previously accepted her. The defendant is only partially correct. Once a prospective juror is accepted, the accepting party no longer has the *right* to peremptorily challenge that juror. However, if the accepted juror has not yet been sworn, the trial court may in its discretion allow the party a peremptory challenge where the court is shown that new information has been revealed which, if it had been known prior to acceptance, would have prompted the party to exercise a peremptory challenge. (*Scheidt,* 113 Ill. App. 3d at 637.) The defendant, however, never attempted a peremptory challenge. The defendant did challenge for cause, but the challenge was not timely as venireperson Bryant had already been sworn. Consequently, the defendant's right to challenge was waived.

However, even had the defendant not waived that right, it cannot be said that the trial court abused its discretion. The determination of whether a prospective juror is capable of giving a defendant a fair and impartial trial rests in the sound discretion of the trial court. (*People v. Novak* (1981), 94 Ill. App. 3d 1024, 1031, 419 N.E.2d

393.) When a prospective juror is challenged for cause, the prospective juror must be excused if "his state of mind is such that with him as a member of the jury a party will not receive a fair and impartial trial." *People v. Jarosiewicz* (1977), 55 Ill. App. 3d 1057, 1061, 371 N.E.2d 949.

In this case, venireperson Bryant initially stated "I think so" when asked if she would give more credit to a policeman's testimony solely because of his position. After the question was repeated, Bryant recanted and responded "I really don't know."

■■ The answers Bryant gave during her examination do not rise to the level of "marked signs of prejudice" found in *People v. Stone* (1978), 61 Ill. App. 3d 654, 667, 378 N.E.2d 263. The trial judge is in the best position to observe and evaluate a prospective juror's demeanor. (*People v. Davis* (1983), 95 Ill. 2d 1, 19, 447 N.E.2d 353.) We conclude that there was no abuse of discretion.

The defendant argues next that a new trial is required because a jury instruction was inadvertently omitted. In the jury instruction conference, defense counsel submitted Illinois Pattern Jury Instructions, Criminal, No. 3.11 (2d ed. 1981) (hereinafter IPI Criminal 2d) regarding impeachment by prior inconsistent statements. The trial court approved the instruction and stated that it would be given. The record reveals, however, that the instruction was never read when the trial court orally instructed the jury, and the court reporter has confirmed that IPI Criminal 2d No. 3.11 was never given to the jury. IPI Criminal 2d No. 3.11 provides:

> "The believability of a witness may be challenged by evidence that on some former occasion he [(made a statement] (acted in a manner)] that was not consistent with his testimony in this case. Evidence of this kind may be considered by you only for the purpose of deciding the weight to be given the testimony you heard from the witness in this courtroom."

The State contends, however, that the defendant waived this issue when he failed to object to the omission. The State further maintains that the omission does not constitute plain error. Alternatively, assuming *arguendo* that the defendant did not waive review of the issue, the State asserts that the omission constituted harmless error.

■■ ■ The failure to object to instructions not given waives review of the omission. (See *People v. Sims* (1987), 166 Ill. App. 3d 289, 301, 519 N.E.2d 921; *People v. Leonard* (1980), 80 Ill. App. 3d 741, 754, 400 N.E.2d 568; *People v. Horton* (1973), 15 Ill. App. 3d 51, 55, 303 N.E.2d 534.) The defendant argues that both he and the trial judge were unaware of the omission and that one cannot be required

to object to that which he has no knowledge of. However, the jury instructions were read to the jury before the jury retired. The defendant should have been aware of the omission and could have objected after completion of the oral instructions. In fact, the defendant could have objected at any time prior to the jury's returning its verdict at which time the judge could have corrected the error. (See, *e.g.*, *People v. Deacon* (1985), 130 Ill. App. 3d 280, 288-89, 473 N.E.2d 1354.) The defendant also failed to object in his post-trial motion. Consequently, the defendant has waived this issue.

■■ ■ The court further finds that the inadvertent omission does not constitute plain error. Ordinarily, errors not brought to the trial court's attention are waived for review. (*People v. Greene* (1987), 160 Ill. App. 3d 1089, 1094, 513 N.E.2d 1092.) However, Supreme Court Rule 615(a) permits a court to take notice of errors not properly reserved for review where substantial rights are affected. (87 Ill. 2d R. 615(a).) The plain error rule ensures the fundamental fairness of the trial and is invoked when the evidence is closely balanced or the error is of such magnitude that the accused is denied a fair trial. (*People v. Ogunsola* (1981), 87 Ill. 2d 216, 222, 429 N.E.2d 861; *Greene*, 160 Ill. App. 3d at 1094.) In the case before us, the evidence was not closely balanced so as to warrant application of the plain error rule. The court further finds that the error was not of such magnitude that the defendant was denied a fair trial.

■■ ■ A fair trial has been held to require, among other things, that a jury be instructed as to the elements of the crime charged. (*Ogunsola*, 87 Ill. 2d at 222.) It has also been held that instructions regarding presumption of innocence and burden of proof are required. (*People v. Parks* (1976), 65 Ill. 2d 132, 137, 357 N.E.2d 487.) On the other hand, our supreme court held in *People v. Underwood* (1978), 72 Ill. 2d 124, 130-31, 378 N.E.2d 513, that the omission of an instruction defining the term "reasonably believes" which had been part of a self-defense instruction was not a substantial defect sufficient to invoke the plain error rule. The supreme court also held in *People v. Parks* that the failure to instruct the jury about the testimony of an accomplice witness did not deny the defendant a fair trial. (*Parks*, 65 Ill. 2d at 138.) The *Parks* court explained:

> "Although the jury was not instructed specifically that the credibility of an accomplice was subject to suspicion, it was instructed on its duty to judge the credibility of witnesses generally and on the proper consideration of prior inconsistent statements of a witness. Although these general instructions were not as absolute an admonition as the more particularized ac-

complice instruction would have been, nonetheless, they provided the jury with sufficient direction." (*Parks*, 65 Ill. 2d at 138.)

Similarly, the jury here was not instructed on the proper consideration of prior inconsistent statements. However, the jury was instructed on the credibility of witnesses generally. The jury was thus instructed:

> "You are the sole judges of the believability of the witnesses and of the weight to be given the testimony of each of them. In considering the testimony of any witness, you may take into account his ability and opportunity to observe, his memory, his manner while testifying, any interest, bias or prejudice he may have, and the reasonableness of his testimony considered in the light of all the evidence in the case." (IPI Criminal 2d No. 1.02.)

The defendant's use of prior inconsistent statements to impeach during cross-examination focused upon the memories of the witnesses and their opportunity to observe. Thus, the inadvertent omission of IPI Criminal 2d No. 3.11 was not of such magnitude that the defendant was denied a fair trial.

■■ ■■ Finally, the defendant argues that the trial court erred in refusing his tendered non-IPI instruction on identification. Defense counsel had tendered Federal Criminal Instruction No. 3.06 dealing with eyewitness identification testimony. The trial court, however, refused to give this instruction. The general rule is that applicable IPI instructions are preferred over non-IPI instructions. (*People v. Santiago* (1987), 161 Ill. App. 3d 634, 639, 515 N.E.2d 228).) Supreme Court Rule 451(a) (107 Ill. 2d R. 451(a)) provides that non-IPI criminal instructions may be given when no applicable IPI instructions are available. The decision to give non-IPI instructions is therefore within the sound discretion of the trial court. (*Santiago*, 161 Ill. App. 3d at 639.) Refusal to give a tendered non-IPI instruction is an abuse of discretion only when such refusal results in the jury not being instructed as to the defense's theory of the case which is supported by some evidence. *People v. Hanson* (1985), 138 Ill. App. 3d 530, 540, 485 N.E.2d 1144.

■■ The defendant maintains that his theory of mistaken identity entitles him to have the jury instructed on identification testimony. Our supreme court has held, however, that instructions given together on the credibility of witnesses generally, the presumption of innocence, and the burden of proof adequately protect a defendant's right to a fair trial. (See *People v. Kubat* (1983), 94 Ill. 2d 437, 475, 447

N.E.2d 247; *People v. Stringer* (1972), 52 Ill. 2d 564, 570, 289 N.E.2d 631; *People v. Fox* (1971), 48 Ill. 2d 239, 249, 269 N.E.2d 720.) Thus, the trial court did not abuse its discretion. Furthermore, IPI Criminal 2d No. 3.15 states, on the subject of identification: "The committee recommends that no instruction be given on this subject."

The judgment of the circuit court is affirmed.

Judgment affirmed.

FREEMAN, P.J., and WHITE, J., concur.