THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK SCARBAK *et al.* Plaintiffs in Error.

*Opinion filed June 29, 1910.*

1. ROBBERY—*instruction defining robbery in language of statute is not erroneous.* An instruction defining the crime of robbery in the language of the statute is not erroneous because it omits to include a felonious intent as a constituent element of the offense, as such intent is not an essential element of the crime of robbery at common law, and the definition in the statute is complete.

2. INSTRUCTIONS—*when alleged error in instruction as to reasonable doubt is favorable to the plaintiff.* An instruction stating that the reasonable doubt that the jury is permitted to entertain must be as to the guilt of the accused on the whole evidence and not as to any particular fact in the case "not material to the issue in the case," is, if erroneous at all in including the quoted words, beneficial rather than prejudicial to the accused, and he is not entitled to complain thereof.

3. SAME—*when instruction as to presumption of innocence is not erroneous.* An instruction is not erroneous which states that the rule which clothes every person accused of crime with the presumption of innocence and imposes upon the State the burden of establishing his guilt beyond a reasonable doubt is not intended to aid anyone who is in fact guilty of crime to escape, but is a humane provision of the law, intended, so far as human agencies can, to guard against the danger of an innocent person being unjustly punished.

4. SAME—*when instructions cannot be misleading as a series.* If each instruction for the People in a criminal case is proper it cannot be said they were misleading and prejudicial as a series.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

CHARLES E. ERBSTEIN, for plaintiffs in error.

W. H. STEAD, Attorney General, JOHN E. W. WAY-
MAN, State's Attorney, and JOEL C. FITCH, (ZACH HOF-
HEIMER, of counsel,) for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiffs in error were tried and convicted in the crim-
inal court of Cook county under an indictment charging
them with the crime of robbery, and they bring the record
of that court here for review by writ of error.

The bill of exceptions does not preserve the testimony
taken, but contains merely the recital that the evidence on
the part of the State tended to prove that the defendants
were guilty of robbery in manner and form as charged in
the indictment, and that the evidence on behalf of the de-
fendants tended to prove that they were not guilty of such
robbery and were not present at the time and place the of-
fense was committed. It does not disclose what witnesses
testified other than the person upon whom the robbery was
committed, and the defendants. It recites that a motion
to set aside the verdict and for a new trial was made and
overruled by the court but does not give the grounds as-
signed in support thereof. The plaintiffs in error did not
request the court to give any instructions. The court, at
the request of the State's attorney, gave to the jury four
instructions, and it is the giving of these instructions that
is assigned as error. The instructions given and complained
of here are as follows:

1. "The court instructs the jury, in the language of the
statute, that robbery is the felonious and violent taking of
money, goods or other valuable thing from the person of
another by force or intimidation. Every person guilty of
robbery shall be imprisoned in the penitentiary.

2. "The jury are instructed that the rule requiring the
jury to be satisfied of the guilt of the defendant from the

evidence, beyond a reasonable doubt, in order to warrant a conviction, is complied with if, taking the testimony altogether, the jury are satisfied, beyond a reasonable doubt, that the defendant is guilty. The reasonable doubt that the jury is permitted to entertain must be as to the guilt of the accused on the whole evidence, and not as to any particular fact in the case not material to the issue in the case.

3. "The court instructs the jury, as a matter of law, that the rule which clothes every person accused of crime with the presumption of innocence and imposes upon the State the burden of establishing his guilt beyond a reasonable doubt is not intended to aid anyone who is, in fact, guilty of crime to escape but is a humane provision of the law, intended, so far as human agencies can, to guard against the danger of any innocent person being unjustly punished.

4. "The court instructs the jury, as a matter of law, that in this State one accused and on trial charged with the commission of a crime may testify in his own behalf, or not, as he pleases. You are instructed that when a defendant does testify in his own behalf, then you have no right to disregard his testimony merely because he is accused of crime; that when he does so testify he at once becomes the same as any other witness, and his credibility is to be tested by and subjected to the same tests as are legally applied to any other witness; and in determining the degree of credibility that shall be accorded to his testimony the jury have a right to take into consideration the fact that he is interested in the result of the prosecution, as well as his demeanor and conduct upon the witness stand; and the jury may also take into consideration the fact, if such is the fact, that he has been corroborated or contradicted by credible evidence or by facts or circumstances in evidence. And the court further instructs the jury that if, after considering all the evidence in this case, they find that any witness testifying on behalf of either side has willfully and cor-

ruptly testified falsely to any fact material to the issue in this case, then they have the right to disregard the testimony of such witness, except in so far as corroborated by other credible evidence or facts and circumstances in evidence. The question of the weight and credit to be given to each and every witness, on either side, is entirely for the jury."

Plaintiffs in error insist that the giving of the first instruction was erroneous for the reason that it is not a complete definition of the crime of robbery, in that it omits the felonious intent as a constituent element of the offense. This instruction is in the exact language of the statute. The definition as contained in the statute does not omit any essential element of the crime of robbery as it existed at common law, and the definition of the crime by the statute being complete, it was not error to give this instruction in the language of the statute. *Duncan* v. *People,* 134 Ill. 110; *White* v. *People,* 179 id. 356; *People* v. *Everett,* 242 id. 628.

The objection to the second instruction is to the last clause of the last sentence thereof, the contention of plaintiffs in error being, that in the absence of any instruction by the court as to what was or was not material to the issue in the case it was error to give this instruction. The purpose of this instruction was to inform the jury that if, from the whole evidence, they had no reasonable doubt of guilt they should convict, even though they might entertain such doubt as to some particular fact. Such an instruction has often been approved by this court. (*Weaver* v. *People,* 132 Ill. 536; *Siebert* v. *People,* 143 id. 571; *Carlton* v. *People,* 150 id. 181; *Henry* v. *People,* 198 id. 162.) By omitting the words "not material to the issue in this case," this instruction would then be substantially in the language of the instructions approved in the cases just cited, so far as the rule that reasonable doubt cannot be predicated on any particular fact is concerned. The addi-

tion of the words objected to did not narrow the rule to the prejudice of the plaintiffs in error, but, on the contrary, broadened it, and the plaintiffs in error cannot be heard to complain because this instruction was drawn more favorably to them than it might have been. We cannot perceive how the jury could have been misled for the want of any instruction as to what fact or facts were material to the issue in the case. The first instruction given defined the crime of robbery and the elements of the offense were there given. By the giving of that instruction the jury were given to understand that the existence of those elements were the material things to be proven.

It is contended the third instruction, standing alone, is not a correct statement of the law as to the presumption of innocence and the burden of proof, and the plaintiffs in error rely upon the case of *Cunningham* v. *People*, 195 Ill. 550, to sustain them in this contention. This instruction was not condemned as erroneous in that case, as plaintiffs in error contend. The correctness of the instruction was not questioned or passed upon in that case, but we there held that by giving it on request of the People the court was not justified in refusing to give an instruction admittedly correct, and on the same subject, asked on behalf of defendants. The same instruction was approved by this court in the case of *Spies* v. *People*, 122 Ill. 1, and has since been approved in other cases. We perceive no error in the giving of this instruction.

The fourth instruction given is one that has been many times approved by this court. (*Hirschman* v. *People*, 101 Ill. 568; *Rider* v. *People*, 110 id. 11; *Siebert* v. *People*, *supra; Williams* v. *People*, 196 Ill. 173; *McCracken* v. *People*, 209 id. 215; *Crocker* v. *People*, 213 id. 287; *Miller* v. *People*, 229 id. 376; *Spears* v. *People*, 220 id. 72; *People* v. *Zajicek*, 233 id. 198.) In view of that fact we do not deem it necessary to enter into a discussion of it.

Plaintiffs in error contend that these instructions, considered as a series, had the tendency to mislead rather than to instruct the jury, and that they constitute an argument in favor of conviction. As has been pointed out, each instruction given was proper. That being true, it cannot be seriously contended that taken as a series they became improper or prejudicial.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*