(No. 37213.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN FRENCHWOOD, Plaintiff in Error.

*Opinion filed March 25, 1963.*

HERBERT B. OLFSON, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and EDWIN J. BELZ, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

John Frenchwood was found guilty of armed robbery in the criminal court of Cook County and sentenced by the court for a term of 20 to 40 years confinement in the penitentiary. He seeks a review of this conviction.

On the evening of March 22, 1957, defendant, his brother Jim Frenchwood and Robert Smith entered a drug store on South Racine Avenue in Chicago, carrying two loaded guns. The owners and two part-time clerks were present. The men took various funds from the cash registers and the store personnel. During the robbery the store owner pushed an alarm and the police responded to the call. The three men fled to the basement of the store from which there was no exit. The police ordered the men up from the basement and they emerged one at a time. The police went into the basement and found the two guns.

No evidence was offered on defendant's behalf and he does not contend that he was not proved guilty beyond a reasonable doubt. The gist of his first argument is that the jury was not informed of the essential elements of the crime of robbery, despite the fact that the court instructed the jury on robbery in the language of the statute. A similar assertion was made in *People* v. *Scarbak,* 245 Ill. 435, and rejected. This court there stated: "The definition as contained in the statute does not omit any essential element of the crime of robbery as it existed at common law, and the definition of the crime by the statute being complete, it was

not error to give this instruction in the language of the statute." (245 Ill. 435, 438.) The jury was not therefore given the responsibility of determining the essential elements of the crime of robbery. *People* v. *Harrison,* 395 Ill. 463, *People* v. *Scarbak,* 245 Ill. 435.

The court instructed the jury to return a verdict of guilty of robbery while armed with a dangerous weapon or a verdict of not guilty. From the evidence adduced at the trial it was proper to submit only these two forms of verdict to the jury. (*People* v. *Gerdy,* 362 Ill. 130.) Defendant argues, however, that the jury should have been specifically instructed that it was necessary to find that defendant or his confederates were armed with a dangerous weapon in order to justify the guilty verdict. That such a finding was necessary is implicit in the form of verdict given by the court.

We have examined all the instructions and are of the opinion that the jury was properly instructed. The judgment of the criminal court of Cook County is accordingly affirmed.

*Judgment affirmed.*