(No. 49966

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. STEVEN UNDERWOOD, Appellee.

*Opinion filed May 26, 1978.*

126

KLUCZYNSKI, J., took no part.

William J. Scott, Attorney General, of Springfield, and Richard M. Baner, State's Attorney, of Eureka (Donald B. Mackay and Melbourne Noel, Assistant Attorneys General, of Chicago, and Robert C. Perry and Jane F. Bularzik, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Brian M. Nemenoff, of Peoria, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

Defendant, Steven J. Underwood, was convicted of aggravated battery and sentenced to imprisonment for a term of not less than 2 nor more than 6 years. The defendant was 15 years old at the time the offense was committed. The office of Court Services for Woodford County filed a petition to adjudge the defendant a ward of the court under the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 704—1). Shortly thereafter, the State filed a petition to prosecute the defendant minor as an

adult under the criminal laws pursuant to the Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—7). After investigation and hearing, the court granted the State's petition, and subsequently a grand jury returned an indictment charging defendant with aggravated battery.

The defendant appealed his conviction to the appellate court on the grounds that (1) the court abused its discretion in granting the petition to prosecute him as an adult, and (2) the court committed reversible error in not *sua sponte* giving a jury instruction to define the term "reasonably believes" which appears in the self-defense instruction. The appellate court held for the State on the first issue, but, in a two-to-one decision, reversed and remanded the cause on the second issue. (50 Ill. App. 3d 908.) We granted the State leave to appeal.

The determination to permit a minor to be prosecuted under the criminal law is one of judicial, not prosecutorial, discretion. (*People v. Rahn* (1974), 59 Ill. 2d 302, 304-05.) Section 2—7(3)(a) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—7(3)(a)) sets forth six factors to guide the court in making its determination. At the conclusion of the instant hearing, the trial court stated that it would take the matter under advisement for "a day or so." However, when advised that the defendant had already been detained for 10 judicial days and was therefore entitled to be released pursuant to section 4—2 of the Act (a conclusion that need not be addressed), the court made its decision and granted the State's petition to have the defendant prosecuted as an adult. Defendant now claims that the court, by rendering its decision immediately at the conclusion of the hearing, abused its discretion. He argues that the court made the immediate decision only to avoid releasing defendant from detention. Such claim is pure conjecture and without merit. Our review of the record reveals that there was sufficient evidence on each of the six factors to support the trial

court's determination. We therefore agree with the appellate court that the trial court did not abuse its discretion by allowing the minor to be prosecuted as an adult. That portion of the appellate court's judgment is affirmed.

The incident precipitating defendant's alleged aggravated battery is fully detailed in the appellate court opinion. For the purpose of this appeal, it will suffice to relate that two altercations occurred. In the first, the victim disembarked from his truck carrying a chain, and confronted the defendant and two of defendant's friends. Defendant and the victim scuffled. The victim returned to his truck and was preparing to leave when defendant taunted the victim to fight without the chain. The latter again got out of the truck. Whether the victim was, in fact, carrying the chain at that time was in dispute at trial. In any case, there was no evidence that the chain was used. During the ensuing scuffle, the defendant stabbed the victim three times in the stomach. Defendant's theory of self-defense is that he "reasonably believed" that such force was necessary to prevent imminent death or great bodily harm to himself.

Both parties agree that the pivotal question before the jury was whether the defendant justifiably acted in self-defense. The following instruction defining self-defense was tendered to the jury in accordance with Supreme Court Rule 451(a) (58 Ill. 2d R. 451(a)).

> "A person is justified in the use of force when and to the extent that he *reasonably believes* that such conduct is necessary to defend himself against the imminent use of unlawful force.
>
> However, a person is justified in the use of force which is intended or likely to cause death or great bodily harm only if he *reasonably believes* that such force is necessary to prevent imminent death or great bodily harm to himself." (Emphasis added.) (Illinois Pattern Jury Instructions (IPI), Criminal, No. 24.06 (1968).)

During the conference on instructions, the defendant

tendered a non-IPI instruction to define the term "reasonably believes." The court correctly sustained the State's objection, which was that the instruction was argumentative. At that time, the State advised that the proper instruction to define "reasonably believes" is IPI Criminal No. 4.13 (1968), which reads:

> "When I use either of the phrases 'reasonable belief' or 'reasonably believes' I mean that the person concerned, acting as a reasonable man, believes that the described facts exist."

Despite being so advised, the defendant neither submitted the suggested instruction nor requested additional time to prepare an alternative instruction. In this court, the defendant does not assert that the trial court improperly refused his non-IPI instruction. Rather, he contends that the trial court should have, *sua sponte,* given the last-above-quoted instruction.

Under Illinois law, the burden of preparing jury instructions is primarily on the parties, not on the trial court. (Ill. Rev. Stat. 1973, ch. 110, par. 67; 58 Ill. 2d R. 451.) Generally, the trial court is under no obligation either to give jury instructions not requested by counsel or to rewrite instructions tendered by counsel. (*People v. Parks* (1976), 65 Ill. 2d 132, 137; *People v. Springs* (1972), 51 Ill. 2d 418, 425; *People v. Moorelander* (1962), 25 Ill. 2d 309, 312.) Moreover, no party may raise on appeal the failure to give an instruction unless he shall have tendered it. (58 Ill. 2d R. 366(b)(2)(i).) This rule, a species of the procedural waiver doctrine, was explained in *Onderisin v. Elgin, Joliet & Eastern Ry. Co.* (1959), 20 Ill. App. 2d 73, 77-78:

> "The purpose of the conference is to afford counsel an opportunity to object to or correct erroneous instructions. As officers of the court, counsel have a duty to cooperate with the trial judge to the end that the jury may be properly

instructed. Enlightened trial practice does not permit counsel under the guise of trial strategy to sit idly by and permit instructions to be given the jury without specific objection and then be given the advantage of predicating error thereon by urging the error for the first time in a post-trial motion."

In criminal cases, however, the waiver rule will not prevent review of "substantial defects" in jury instructions "if the interests of justice require." (58 Ill. 2d R. 451(c).) The object of this limited exception to the waiver rule is to insure that a defendant is not denied his right to a fair and impartial jury trial. Urging that this principle applies in the instant case, defendant relies for support on *People v. Joyner* (1972), 50 Ill. 2d 302. There it was held that the failure of the court in a murder trial to instruct *sua sponte* on the lesser included offense of voluntary manslaughter was a "substantial defect" which necessitated a remand for a new trial. The critical distinction between that case and the case at bar is that, in *Joyner*, the omitted instruction set forth elements of a substantive offense in addition to the one charged—an offense of which the defendant could have been found guilty. Here, had the court failed to instruct the jury on the law of self-defense, we would agree that *Joyner* would require the finding of a substantial defect. But that is not the fact. The jury was, on two occasions, instructed as to the law on the substance of defendant's case—self-defense: it was first informed that, to find defendant guilty, the State must prove beyond a reasonable doubt that defendant was not justified in using the force which he used, and, second, it was given the aforequoted instruction on the justifiable use of force (self-defense).

The issue to be resolved is whether the definitional instruction omitted was so basic to the given instruction on self-defense that failure of the trial court to *sua sponte*

give it resulted in an unfair trial. We conclude it did not. The omitted instruction merely informed the jury that "reasonably believes" means that the "person concerned, acting as a reasonable man, believes ***."

We therefore hold that failure of the trial court to *sua sponte* give the omitted instruction did not constitute a substantial defect which would invoke the limited exception to the waiver rule. This is especially true since the defendant was specifically informed of its availability. That portion of the judgment of the appellate court holding to the contrary is reversed. The judgment of the circuit court of Woodford County is affirmed.

*Appellate court affirmed in part and reversed in part; circuit court affirmed.*

MR. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.