THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES HENDERSON, Defendant-Appellant.

Third District   No. 78-117

Opinion filed March 22, 1979.

Robert Agostinelli and Verlin R. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

In January of 1974, James Henderson was found guilty of attempt murder and aggravated battery following a jury trial in the Circuit Court of Will County and was sentenced to a term of not less than 15 years nor more than 30 years for the attempt murder conviction. On direct appeal this court affirmed the attempt murder conviction but vacated the conviction for aggravated battery as the lesser of two offenses arising from the same conduct. (*People v. Henderson* (3d Dist. 1976), 39 Ill. App. 3d 502, 348 N.E.2d 854.) The facts surrounding the crime were set out in our earlier opinion and need not be repeated here. Subsequently defendant filed a *pro se* petition for post-conviction relief in which he alleged that one of the State's witnesses, the victim of the shooting, had perjured herself during his trial. Counsel was appointed. At the evidentiary hearing on October 17, 1977, the victim denied that she had testified falsely and persisted in her original version of the events. Defendant and his sister both testified that the victim had previously visited defendant in prison and had wanted to change her testimony. The trial court denied the petition, and defendant perfected this appeal.

Defendant now raises for the first time an issue not previously presented in either the trial court or in this court upon the previous appeal. Defendant contends that the attempt murder instruction given the jury was erroneous because it permitted the jury to return a verdict of guilty upon evidence that defendant intended only to cause great bodily harm short of death. The giving of a similar instruction was found to be reversible error, even without objection at trial, in *People v. Harris* (1978), 72 Ill. 2d 16, 377 N.E.2d 28.

The posture of the instant case is identical to that presented to the supreme court in *People v. Roberts* (1979), 75 Ill. 2d 1, where in the consolidated case of *People v. Grizzle*, erroneous instructions defining attempt murder were given in the trial court without objection and where the issue was never raised until appeal from denial of a post-conviction petition. The supreme court there said:

"Our cases hold that failure to make an objection at trial to an error in jury instructions waives the issue for appeal. (*People v. Underwood* (1978), 72 Ill. 2d 124, 130, and cases cited therein (*Underwood* involved the failure to define 'reasonably believes'); *People v. Mallett* (1970), 45 Ill. 2d 388 (instruction on evaluation of confession); *People v. Lyons* (1967), 36 Ill. 2d 336 (instruction on justifiable use of force).) In this context, we observe that the Seventh Circuit Court of Appeals has rigidly enforced the waiver rule, even under the broad Federal Rule of Criminal Procedure 52(b) standard. Rule 52(b) corresponds to our Rule 615." (75 Ill. 2d 1, 10-11, 387 N.E.2d 331, 335-36.)

After discussing the United States Supreme Court's reluctance to read exceptions into the waiver rule where jury instructions were involved, the court went on to say:

"Thus, where there is a failure to object to an instruction, waiver is the rule, and the provision of our Rule 451(c) constitutes an exception which, under the prior decisions of this court, is a limited exception (*People v. Underwood* (1978), 72 Ill. 2d 124, 129-30), to be used to correct 'grave errors' (*People v. Jenkins* (1977), 69 Ill. 2d 61, 66), or to be applied where the case is close factually and fundamental fairness requires that the jury be properly instructed (*People v. Joyner* (1972), 50 Ill. 2d 302, 307)." (75 Ill. 2d 1, 14, 387 N.E.2d 331, 337.

The court held that the evidence was not closely balanced so that the error would not have deprived the accused of a fair trial, and the conviction was affirmed.

Without repeating at length the facts set out in our previous opinion, we merely note that here three persons, including the victim, saw defendant shoot the victim at point blank range with a shotgun. Although

defendant offered an alibi, we cannot characterize the evidence as "closely balanced." Therefore, we hold that in accordance with the decision in *Roberts*, the error in the jury instruction was not preserved for review. The judgment of the Circuit Court of Will County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.