THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
FRANK J. PODHRASKY, Defendant-Appellant.

Fifth District   No. 5—88—0024

Opinion filed April 16, 1990.

350

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

We reverse defendant's jury conviction of reckless driving and affirm his convictions of improper passing and aggravated assault.

Defendant passed cars on the right shoulder of a two-lane highway so fast that rocks were thrown onto other cars, then weaved left, across the center line, and passed a car in a no-passing zone while approaching the crest of a hill, forcing oncoming cars out of their lanes in order to avoid hitting defendant because he was giving no ground.

Michael Trokey, an eyewitness, confronted defendant, who was stopped at a nearby intersection. Defendant left his car at the intersection and came to Trokey's car. Trokey got out of his car, but stopped when he noticed that defendant was carrying a knife. Defendant asked Trokey, "You want some of this?" Not wanting some of that, Trokey retreated to his car. Defendant went back to his car and tossed the knife in the front seat.

An off-duty policewoman, who also had been passed by defendant and had taken down defendant's license number, walked up to defendant's car and identified herself as a police officer. Unimpressed, defendant replied, "Fuck you, bitch," and drove away.

Alibi was the defense.

## A

Defendant first claims that the reckless driving charge is void, since it merely recites the language of the statute (Ill. Rev. Stat. 1987, ch. 95½, par. 11—503), and relies on *People v. Griffin* (1967), 36 Ill. 2d 430, 223 N.E.2d 158, and this court's ruling in *People v. Roberts* (1983), 113 Ill. App. 3d 1046, 448 N.E.2d 185.

The information in this case states, "the said defendant drove a 1977 [gold] Ford *** on Lebanon Ave[nue] near Sir Lawrence Drive in

St. Clair County, Illinois with a wanton disregard for the safety of persons or property."

Defendant argues: (1) the charge does not state an offense because it does not allege specific acts which would constitute wanton disregard for safety or property of others; and (2) the information is insufficient to raise the bar of double jeopardy.

■■ In *Griffin* the court held insufficient an information that charged reckless driving merely by alleging that defendant drove his vehicle with a willful and wanton disregard for the safety of persons or property. The court stated that there are two basic requirements for a valid information: (1) the information must give defendant "enough information to prepare his defense"; and (2) it must be sufficiently definite to bar further prosecution for the same acts. (*Griffin*, 36 Ill. 2d at 432, 223 N.E.2d at 159.) The information in this case is examined in light of both of these requirements.

### 1

■■ We first examine the information to determine if it gives defendant "enough information to prepare his defense." Defendant pleaded alibi. The defense of alibi is an affirmative defense. The legal effect of an affirmative defense is to admit that the acts occurred, but to deny responsibility. Alibi does not deny that the crime was committed, but is designed to prove that defendant was in another place at the time the crime was committed, and therefore, could not have participated in it. *People v. Brown* (1971), 131 Ill. App. 2d 669, 267 N.E.2d 142; *People v. Morris* (1967), 90 Ill. App. 2d 208, 234 N.E.2d 52; *People v. Fritz* (1981), 84 Ill. 2d 72, 417 N.E.2d 612.

■■ In this case, defendant did not contest that the crimes were committed; instead, he claimed not to have done them, and affirmatively undertook to prove that he was in another place when the the cars were passed, the gravel thrown, and Trokey threatened with the knife. Therefore, his claim that he was prejudiced by the information failing to give him "enough information" to prepare his defense fails.

The information told him all he needed to know to prepare his defense—it told him the date, time and place that the State claimed he had passed the cars and threatened Trokey.

### 2

We next examine the information in this case to determine if it is sufficiently definite to bar further prosecution for the same acts under the holding of *Griffin*.

■■ When *Griffin*'s facts are read closely, it is seen that defend-

ant there did not plead guilty but instead was found guilty after a bench trial. The supreme court has acknowledged that a second prosecution can be barred even under a questionably defective charge simply by looking at the record of the former trial to determine the specific acts that were proved so as to raise the bar of double jeopardy. *People v. Jones* (1973), 53 Ill. 2d 460, 292 N.E.2d 361, citing *People v. Jankowski* (1945), 391 Ill. 298, 63 N.E.2d 362.

■ The *Griffin* court proceeded to point out that if a defendant pleaded guilty to a general charge of reckless driving instead of standing trial, there would be no facts in the record from which a double jeopardy determination could be made. But the defendant in *Griffin* stood trial, and therefore, could have resorted to the record to raise the bar of double jeopardy. This brings into focus the motivations of the court. The court painted with a broad brush, making clear that there was to be no distinction between whether defendant pleaded guilty or took a trial.

*Griffin* controls this case. *Griffin* compels us to reverse defendant's conviction of reckless driving. See *People v. Roberts* (1983), 113 Ill. App. 3d 1046, 448 N.E.2d 185.

B

Defendant next contends that his conviction for aggravated assault must be reversed because the circuit court gave the Illinois Pattern Jury Instruction, Criminal 2d, No. 11.04 concerning assault. (Illinois Pattern Jury Instructions, Criminal, No. 11.04 (2d ed. 1981).) The instruction given did not require the State to prove a mental state, and defendant, who did not tender an instruction on the matter and who also did not object to the instruction given, now claims for the first time on appeal that the circuit court, *sua sponte*, should have given an assault instruction that included a mental state. Defendant relies on *People v. Grant* (1981), 101 Ill. App. 3d 43, 427 N.E.2d 810, to support his argument that his conviction should be reversed.

■ Failure to object to an instruction at trial waives the issue. *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 180, 415 N.E.2d 1027, 1029.

■ The supreme court of Illinois has "repeatedly recognized that no party may raise on appeal the failure to give an instruction unless he tendered it at trial." *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 180, 415 N.E.2d 1027, 1029, citing *People v. Masini* (1979), 78 Ill. 2d 17, 21, 397 N.E.2d 1368, 1370; *People v. Underwood* (1978), 72 Ill. 2d 124, 129, 378 N.E.2d 513, 515.

Furthermore, defendant's failure to address this issue in his post-

trial motion also operates as a waiver. *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 181, 415 N.E.2d 1027, 1029.

■ Under narrow circumstances, failure to include an instructional error in a post-trial motion does not operate as a waiver. (*People v. Jones* (1979), 81 Ill. 2d 1, 7, 405 N.E.2d 343, 345.) However, the supreme court, in explication of this narrow rule against finding waiver, indicated forcefully that the rule is triggered only by a "significant issue" that the supreme court, itself, wishes to settle. *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 181, 415 N.E.2d 1027, 1030.

Defendant, therefore, has waived appellate review, unless he falls within the limited exception contained in Supreme Court Rule 451(c), which permits review of "substantial defects" in instructions "if the interests of justice require." 107 Ill. 2d R. 451(c).

■ The "substantial defects, interest of justice" exception to the waiver of errors in instructions rule has limited availability. This exception is limited to cases involving "grave errors" (*People v. Jenkins* (1977), 69 Ill. 2d 61, 66, 370 N.E.2d 532, 534), and to cases that are "close factually" so that "fundamental fairness requires that the jury be properly instructed." (*People v. Roberts* (1979), 75 Ill. 2d 1, 14, 387 N.E.2d 331, 337; *People v. Joyner* (1972), 50 Ill. 2d 302, 307, 278 N.E.2d 756, 759.) However, before this case is examined to see if it fits this limited exception, *People v. Grant* (1981), 101 Ill. App. 3d 43, 427 N.E.2d 810, which is relied upon by defendant, needs to be addressed.

In *Grant*, the court held that jury instructions on assault which failed to include a requisite mental state "affect(ed) plain justice," and therefore, failure to object to those instructions or to tender proper instructions would not prevent the appellate court from reviewing the error. *Grant* stands in opposition to the general principles announced in *People v. Anderson* (1981), 93 Ill. App. 3d 646, 417 N.E.2d 490, *People v. Leonard* (1988), 171 Ill. App. 3d 380, 526 N.E.2d 397, *People v. Talley* (1988), 177 Ill. App. 3d 170, 531 N.E.2d 1139, and *People v. Terry* (1988), 177 Ill. App. 3d 185, 532 N.E.2d 569, all of which reiterated the position that instructing the jury in the elements of an offense as the offense is defined in the statute is sufficient. (See *People v. Frenchwood* (1963), 27 Ill. 2d 412, 189 N.E.2d 328.) *Grant*, therefore, need not be viewed as controlling, and any view that would hold it controlling necessarily should limit *Grant* to its own facts.

We think that *People v. Ogunsola* (1981), 87 Ill. 2d 216, 429 N.E.2d 861, is instructive of the principle that the supreme court has striven to make. In *Ogunsola*, the defendant's conviction was reversed because the jury instruction on deceptive practices did not include the

requisite mental state, namely: intent to defraud. But, the supreme court reversed only after looking to the record and finding that "[t]he principal contested issue *** was whether [defendant] had the intent to defraud." *People v. Ogunsola* (1981), 87 Ill. 2d 216, 223, 429 N.E.2d 861, 864.

In looking at the case at hand, we readily see that the only contested issue was defendant's alibi, not whether defendant had one of the requisite mental states set forth in section 4—3 of the Illinois Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 4—3). In looking at the record, we determine that this case is not factually close.

■■■ Therefore, we certainly have no doubt that where defendant has interposed the affirmative defense of alibi, there can be no substantial defect in an instruction that does not include a mental state in setting out the elements of aggravated assault.

Furthermore, the interests of justice do not require us to review this claimed error under the limited exception to the waiver of appellate review doctrine. See *People v. Smith* (1988), 165 Ill. App. 3d 603, 518 N.E.2d 1382.

As to defendant's claim that the circuit court erred in not giving, *sua sponte*, an instruction defining battery, we adopt our holding immediately above.

### C

The circuit court, in response to the State's motion, put defendant under an order *in limine* prohibiting defendant from: (1) impeaching the eyewitness, Trokey, with his prior battery conviction; and (2) impeaching Trokey with a battery charge that was pending against Trokey at the time he testified. We address each contention below.

### 1

Defendant was charged with aggravated assault. Trokey was the victim. Without indulging any analysis as to whether *People v. Lynch* (1984), 104 Ill. 2d 194, 470 N.E.2d 1018, or *People v. Hanson* (1985), 138 Ill. App. 3d 530, 485 N.E.2d 1144, represent any signal that Illinois has adopted Federal Rule of Evidence 608, thereby causing Illinois to be a "proof of character" State and no longer a "proof of character by reputation" State, we hold that neither *Lynch* nor *Hanson* applies to this case.

■■■ Whether the acceptable mode of proof is by reputation, or as *Lynch* seems to imply, by specific bad act, the aggressiveness and violentness of a victim is admissible to show either that the victim was the aggressor, or that the amount of force used by defendant was rea-

sonable, *where the defense is self-defense.* In this case the defense was alibi, not self-defense. Therefore, Trokey's prior conviction was not relevant.

### 2

■■ The pending battery charge against Trokey is different, however. It is relevant to·impeach Trokey by showing he was biased; that he hoped to obtain leniency from the State by testifying favorably against defendant. Defendant's claim, then, is that Trokey would have wanted to identify defendant so as to win the favor of the State. This portion of defendant's analysis is correct. It was error to prohibit defendant from cross-examining Trokey on the battery charge that was pending against him. *People v. Triplett* (1985), 108 Ill. 2d 463, 485 N.E.2d 9.

Under ordinary circumstances the order of the circuit court that prevented development and argument of this attack on Trokey's testimony would be so serious as to make necessary a reversal. Not so in this case, however, for in this case eyewitnesses other than Trokey identified defendant as the culprit. Therefore, the error was harmless. See *People v. Young* (1989), 128 Ill. 2d 1, 538 N.E.2d 461; *Delaware v. Van Arsdall* (1986), 475 U.S. 673, 89 L. Ed. 2d 674, 106 S. Ct. 1431.

### D

Defendant lastly claims that he was denied the effective assistance of counsel because of his counsel's failure to object to the jury instruction or for not tendering instructions on self-defense or necessity. We do not agree.

■■ The test of whether a conviction should be reversed for ineffective assistance of counsel is whether there is a reasonable probability that, but for counsel's unprofessional errors, "the result of the proceeding would have been different." *People v. Albanese* (1984), 104 Ill. 2d 504, 525, 473 N.E.2d 1246.

### 1

The prerequisite to ineffective assistance of counsel is unprofessional conduct.

■■ In this case the defense was alibi. It is good trial technique, not bad, to refuse to tender instructions on self-defense and necessity where alibi is the defense. To do so would put the defendant's case into this posture: "I didn't do it, I wasn't there; but, if you don't believe that, then I am not guilty, because I had to defend myself; and if you don't believe that, then you still ought to excuse me, because it

was necessary." If that would not convict defendant, then nothing short of a judicial confession would. So, we note the irony: defendant is arguing that he be freed because his counsel was unprofessional by not adopting a strategy that certainly would have diminished the effectiveness of the defense. We reject his argument. We find no unprofessional conduct.

### 2

Defendant also claims ineffectiveness of counsel for failure to object to the erroneous jury instructions dealt with above.

We believe that this error is not grave and have held above that it is waived for review. We also believe that had counsel objected, and had the circuit court, then in consequence, given an instruction concerning the elements of aggravated assault, the verdict still would have been the same, guilty.

The conviction for reckless driving is reversed and the convictions for improper passing and aggravated assault are affirmed.

Reversed in part; affirmed in part.

LEWIS, P.J., and GOLDENHERSH, J., concur.