THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STANLEY BERGESON, Defendant-Appellant.

Second District   No. 2—92—0644

Opinion filed January 14, 1994.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, and David W. Devinger, of Woodstock, for appellant.

David R. Akemann, State's Attorney, of St. Charles (William L. Browers, Stephen E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Stanley Bergeson, appeals his conviction, following a bench trial, of disorderly conduct (Ill. Rev. Stat. 1991, ch. 38, par. 26—1(a)(1) (now 720 ILCS 5/26—1(a)(1) (West 1992))). Defendant contends that (1) the complaint is too vague and ambiguous to charge an offense and (2) the State failed to prove him guilty beyond a reasonable doubt.

The State filed an amended complaint charging defendant with disorderly conduct in that he "knowingly looked into the window of Jennifer Ensign in such an unreasonable manner as to alarm and disturb Jennifer Ensign and provoke a breach of the peace." The complaint states that these acts occurred in Batavia, Kane County, Illinois, and that the date of the offense was August 31, 1991.

At trial, Ensign testified that she is a single mother who lives in an apartment complex with her five-year-old daughter. Ensign has a garden apartment and there is a window just above her bed halfway up the wall. Both sheers and a bed sheet covered the window, but a small "crack" in the window coverings permitted some light to enter. Across the street from Ensign's apartment is a school which is lit by floodlights.

On August 31, 1991, she was lying in bed trying to fall asleep. At 1:20 a.m., she heard crunching noises which she took to be steps on the gravel. She stated that a three-foot-wide expanse of gravel surrounds the apartment building. A sidewalk passes the window about 15 feet away from the building.

About 30 seconds after Ensign heard the crunching noise, the "line of light" coming through the crack in the window became completely blocked. She no longer heard the sound of footsteps on the gravel and became frightened. She got up and looked out the window. She observed a man she identified as defendant 10 to 12 feet from her window, standing beside a small tree. She recognized him because he lived in the same apartment complex. She saw him for only a few seconds and testified that she could not see his eyes at that time. Defendant was pacing back and forth and looking up at a second-story window. He appeared to be looking at her window as well. Ensign called the police.

Based on this evidence, the court found defendant guilty. Defendant filed a motion in arrest of judgment alleging that the complaint did not allege an offense. Defendant also contended that the circumstantial evidence was insufficient to prove him guilty beyond a reasonable doubt. The court denied the motion and defendant filed a timely notice of appeal.

■ Defendant first contends that the amended complaint was not sufficiently specific to charge an offense. Defendant concedes that when a charging instrument is attacked for the first time after judgment, it will be found insufficient only if the defects foreclosed defendant "from understanding the nature of the charges and preparing a defense thereto, or *** was insufficient to stand as a bar to a subsequent prosecution for the same offense." *People v. Lutz* (1978), 73 Ill. 2d 204, 209.

Defendant notes correctly that for offenses such as reckless driving or disorderly conduct, which can be committed in a variety of ways, a charging instrument merely in the language of the statute is insufficient because a wide variety of conduct might be included. *People v. Podhrasky* (1990), 197 Ill. App. 3d 349, 353; *People v. Luttrell* (1985), 134 Ill. App. 3d 328, 333.

In the instant case, however, the complaint does more than merely charge disorderly conduct in the language of the statute. Defendant was charged with "knowingly look[ing] into a window of Jennifer Ensign in an unreasonable manner such as to alarm and disturb Jennifer Ensign and provoke a breach of the peace." Thus, defendant was informed that the conduct involved looking into a window. The date of the offense is alleged to be August 31, 1991. This was sufficient to inform defendant of the specific conduct charged to permit him to prepare his defense and to bar a subsequent prosecution based on the same act.

From the record it is apparent that defendant was not prejudiced in preparing his defense by the vagueness of the charge. Defendant did not contend that he was not the man Ensign observed outside her apartment on August 31. Rather, his defense was that his conduct was not "unreasonable": that Ensign simply overreacted when the light through her window was temporarily blocked. Defendant does not contend that further information would have been helpful in preparing this defense. We note that the trial court apparently granted defendant's motion for a bill of particulars concerning the charge, although the document itself does not appear in the record on appeal.

■ Defendant's second contention is that the evidence was insufficient to prove his guilt beyond a reasonable doubt. We agree. The evidence showed only that Ensign heard what sounded like crunching on the gravel. Thirty seconds later the light coming through her window was blocked. She then got up and observed defendant 10 feet from her window, apparently looking at a window upstairs, but "he did look back down towards my window."

Thus, the only direct evidence that defendant looked toward Ensign's window was her ambiguous testimony that he glanced in that direction from 10 feet away toward a window which was almost completely covered. Even that testimony was somewhat impeached by Ensign's statement on cross-examination that she could not see his eyes.

There was no evidence that defendant was responsible for blocking the light through the window 30 seconds before. Assuming that he was, there is no evidence that he looked in the window at that time. He could have blocked the light just as easily with his back to the window.

We note that defendant was not charged under the "window-peeping" section of the disorderly conduct ordinance. That section requires that the accused enter "upon the property of another and for a lewd or unlawful purpose deliberately looks into a dwelling on the property through any window." (Ill. Rev. Stat. 1991, ch. 38, par. 26—1(a)(5) (now 720 ILCS 5/26—1(a)(5) (West 1992)).) The most troubling aspect of this case is that defendant was a resident of the same apartment complex and was seen in a common area of the complex. Thus, defendant was where he had a right to be. Moreover, since he was not charged under section 26—1(a)(5), the State was not required to prove that defendant had a "lewd or unlawful purpose." The only requirement under section 26—1(a)(1) is that the conduct be "unreasonable." We see nothing unreasonable about looking from 10 feet away at a

window which is completely covered except for a "crack" while standing in a common area of one's own apartment complex.

The State points out that Ensign was a single mother, living with her five-year-old daughter, and that it was 1:20 in the morning. However, the statute requires that the defendant act knowingly, and there is no evidence that defendant knew who lived in the apartment. Although defendant presumably knew approximately what time it was, there is no evidence that he was aware that the window he was near looked into the apartment's bedroom, or even that he knew anyone was at home. In the absence of such knowledge, defendant could not have knowingly acted unreasonably. Thus, the State failed to prove that defendant knowingly looked into the window in an "unreasonable manner as to alarm or disturb another and provoke a breach of the peace."

For the foregoing reasons, defendant's conviction is reversed.

Reversed.

INGLIS, P.J., and GEIGER, J., concur.